UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**RICHARD GREEN**                                                    **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 1:06-CV-191-M**

**UNITED STATES OF AMERICA**                              **RESPONDENT**

<u>**MEMORANDUM OPINION**</u>

Petitioner has filed a document styled "Petition for Writ of Habeas Corpus" (DN 1). In reviewing that petition, this Court finds that it is an improper habeas action, and, as such, it will be dismissed.

I.

In his petition, Petitioner states that he is currently incarcerated in Indiana. He states that he was arrested in Horse Cave, Kentucky, in August 2006 for being a fugitive from the State of Indiana for bank robbery. At that time, his vehicle was towed and a hold was placed on it by the FBI. He further states that on October 4, 2006, Magistrate Judge E. Robert Goebel signed a search warrant on that vehicle which had been stored in Horse Cave since August. Petitioner asserts that the FBI's placing a hold on his vehicle and obtaining a search warrant nearly two months later was an excessive amount of time to have his vehicle impounded to have it be searched again. He also states that he has not been convicted of any crime and asks this Court to issue an order to transport him to come before this Court so that he can speak to the Court in person regarding these facts.

II.

"[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes," *i.e.*, 28 U.S.C. §§ 2241, 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1059

(11th Cir. 2003). "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Put another way, "the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979)(per curiam) (emphasis in original deleted).

Reading Petitioner's petition liberally, as this Court is required to do, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), nothing in the petition suggests that Petitioner is attacking the legality of his custody. Therefore, it is not a proper habeas action. Accordingly, the Court will dismiss this action in a separate order consistent with this memorandum opinion. *See* Rule 4, Rules Governing § 2254 Cases (habeas petition should be dismissed if it appears plain that petitioner is not entitled to relief); 28 U.S.C. § 2243 (same).

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Court is satisfied that no jurist of reason could find its ruling to be

debatable. *Slack*, 529 U.S. at 484. Thus, no certificate of appealability is warranted in this case.

*Id.*

Date:

cc: Petitioner, *pro se*
       United States Attorney
4414.009